UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE, | Case No. 19-cv-06852-SI |
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| RIHH LP, | Re: Dkt. No. 6 |
| Defendant. | |

On November 27, 2019, Defendant RIHH LP filed the instant motion to dismiss plaintiff's complaint for lack of jurisdiction and failure to state a claim. Dkt. No. 6 (Motion to Dismiss). Pursuant to Civil Local Rule 7-1(b) the Court hereby vacates the February 21, 2020, hearing and the motion is hereby GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff Teresa Brooke, a resident of Pinal County, Arizona, is a disabled woman confined to a wheelchair. Dkt. No. 1 ¶ 1 (Complaint). Mrs. Brooke alleges she frequently travels to California for "purposes of leisure travel, hearings, settlement conferences, ENE conferences, joint site inspections and to determine if various hotels across the Country comply with disability access laws." *Id.* ¶ 8 (Complaint). In anticipation of a trip to California, Mrs. Brooke alleges she attempted to reserve the "Presidential Suite" at defendant RIHH's hotel, the Residence Inn Livermore Pleasanton, located in Livermore, California. *Id.* ¶¶ 2, 10 (Complaint).

Due to her disability, Mrs. Brooke requires the use of a room with "standard accessibility features[.]" *Id.* ¶ 9 (Complaint). When Mrs. Brooke went online to RIHH's website to "rent the

Presidential Suite at [d]efendant's hotel", she alleges she was deterred from doing so because "[d]efendant does not provide or make available such rooms that are accessible even though [d]efendant makes available these rooms that are non-accessible and therefore only available for able-bodied persons." *Id.* ¶¶ 10, 11 (Complaint). Additionally, Mrs. Brooke argues her injury is continuing because "she plans to visit the hotel to ensure her ability to access it and availability of equal room choices if and when she receives notice that the barrier, which denies her full and equal access to the facility, is cured." *Id.* at ¶ 15 (Complaint).

Mrs. Brooke's complaint alleges violations under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv) and the 2010 ADA Standards for Accessible Design ("2010 ADA Standards"), as well as the California Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51, 52. *Id.* ¶¶ 20, 25, 28 (Complaint).

Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) argues plaintiff does not have standing and that she has failed to state a claim, respectively. Dkt. No. 6-1 at 7 (Motion to Dismiss). Specifically, defendant argues Mrs. Brooke does not have standing to bring her claims because she cannot show she was actually injured because defendant does not have a Presidential Suite. *Id.* at 5 (Motion to Dismiss); see also Dkt. No. 10 ¶ 2 (Declaration of Dean Banks, Associate Vice President and Director of Operations for RIH).

With respect to her Unruh Act claim, RIHH argues plaintiff is not a "person within the jurisdiction of [California]." Dkt. No. 6-1 at 5-6 (Motion to Dismiss). The Unruh act only applies to persons within the jurisdiction of California. Cal. Civ. Code §§ 51(b). Mrs. Brooke accessed defendant's website in Arizona; thus, defendant argues, her Unruh Act claim should be dismissed with prejudice. Dkt. No. 6-1 at 13-14 (Motion to Dismiss).

## LEGAL STANDARD

### I.     Rule 12(b)(1)

Fed. R. Civ. P. 12(b)(1) allows a party to challenge a federal court's subject matter jurisdiction. As the party invoking subject matter jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the

relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) . A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publ'g Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual.").

A challenge to subject matter jurisdiction is a factual attack where the moving party relies on extrinsic evidence and does not assert a lack of subject matter jurisdiction solely based on the pleadings. *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003)). "In resolving a factual attack on subject matter jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). If the moving party converts its motion to dismiss into a factual motion by submitting affidavits, the opposing party must then also present affidavits or other evidence to meet its burden for satisfying subject matter jurisdiction. *Id.*

## II.    Rule 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can

provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If a court dismisses a complaint, it must decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

### I.  Americans with Disabilities Act

#### A.  Rule 12(b)(1) motion

Defendant moves to dismiss plaintiff's ADA claim under Rule 12(b)(1), arguing plaintiff lacks Article III standing to bring a violation of the 2010 ADA Standards § 224.5 ("ADA Standards §224.5") which requires various classes of ADA accessible guestrooms if different types of rooms are offered. Dkt. No. 6-1 at 8 (Motion to Dismiss). Plaintiff's allegations regarding subject matter jurisdiction, however, are closely intertwined with the facts underlying plaintiff's claim under the ADA and ADA Standards §224.5, raising genuine disputes over material facts inappropriate for resolution on a Rule 12(b)(1) motion.

ADA Standard § 224.5 states that rooms with mobility features "shall be dispersed among the various classes of guest rooms, and shall provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests." An advisory note for ADA Standards §224.5 further specifies that the "[f]actors to be considered in providing an equivalent range of options may include, but are not limited to, room size, bed size, cost, view, bathroom fixtures such as hot tubs and spas, smoking and nonsmoking, and the number of rooms

4

provided." Advisory Note to ADA Standards §224.5.

To establish Article III standing, plaintiff must show: (1) injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). For standing purposes, "a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury'…." *Chapman v. Pier 1 Imports, Inc.*, 631 F.3d 939, 950 (9th Cir. 2011) (quoting *Pickern v. Holiday Quality Foods*, 293 F.3d 1133, 1138 (2002)). But injury in fact must be "concrete and particularized" and "actual or imminent," not "hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Defendant argues plaintiff has not met the first prong for Article III standing, because she did not suffer a *bona fide* injury in fact where: (a) defendant does not offer Presidential Suites; (b) plaintiff's allegations are generalized, not concrete and particular; and (c) plaintiff's alleged harm is neither actual nor imminent because she vaguely "intend[s] to go back" at some time "in the future." Dkt. No. 6-1 at 3-6 (Motion to Dismiss).

In response, plaintiff does not address defendant's argument that there is no Presidential Suite. Rather, she doubles down on the allegations of the complaint stating she has suffered a concrete injury in fact because she cannot reserve a Presidential Suite and it is plausible she will visit defendant's hotel given her frequent trips to California. Dkt. No. 9 at 2-3.

Plaintiff's ADA allegations and defendant's arguments regarding lack of standing are closely intertwined because they hinge on the same factual issues: whether defendant offers a Presidential Suite and whether defendant met the dispersion requirements under ADA Standards §224.5. A "jurisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits of an action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotation omitted). "[J]urisdiction and the merits of an action are intertwined where 'a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief.'" *Id.* at 1039-40.

Defendant's argument regarding subject matter jurisdiction is intertwined with the substantive issues of the case because defendant's main contention is that plaintiff cannot show injury in fact under ADA Standards §224.5's dispersion requirements, which is the crux of plaintiff's federal ADA claim.  Thus, a resolution of defendant's subject matter jurisdiction argument would also resolve the merits of this action.  As such defendant's Rule 12(b)(1) motion must be DENIED.

### B.  Rule 12(b)(6) motion

While defendant's argument fails under 12(b)(1), it succeeds under 12(b)(6).  Defendant makes a similar argument regarding "injury in fact" in the context of a 12(b)(6) motion – namely that plaintiff's complaint is deficient because defendant need not provide an ADA accessible room in each and every category of room offered to the public.[1]  Dkt. No. 6-1 at 9 (Motion to Dismiss). Instead, defendant argues it need only provide "equivalent facilitation" of comparable choices, not identical ones.  *Id.* at 9-10 (Motion to Dismiss).

Plaintiff alleges that if she had the "same choices as able-bodied persons, which is required by Section 224.5 of the Standards, Plaintiff would have booked a room."  Dkt. No. 1 ¶ 13 (Complaint).  Section 224.5, however, does not require defendant to offer an accessible and non-accessible version of the same room type—here, a Presidential Suite—to its guests.  The standards only mandate dispersion "among the various classes of guest rooms" offered by a hotel.  ADA Standards §224.5.  Section 103 further supports the notion that defendant need not provide an accessible room identical to the Presidential Suite because the hotel is permitted to allow for an alternative with "substantially equivalent or greater accessibility of usability."  2010 ADA Standards § 103.  The emphasis in the standards appears to be on providing the most accessible room that comes closest to meeting an individual's luxury standard, not on providing an accessible room that is identical to another, non-accessible room offered by the hotel.  The advisory note's "equivalent facilitation" requirements provide for the identification of an "equivalent range of options," which

---

[1] For purposes of the 12(b)(6) motion, the Court does not consider the Dean Banks declaration.

6

"may" include room size, cost, view, and bathroom fixtures like hot tubs and spas further shows that these are the factors to be considered in offering a variety of accessible rooms. Advisory Note to ADA Standards §224.5. It is clear the 2010 ADA Standards mandate *comparable*, not *identical*, choices for guests with accessibility needs.

As such, defendant was not required to provide an accessible version of the Presidential Suite specifically. The Presidential Suite is the only room plaintiff alleges defendant does not offer in an accessible version. *See* Dkt. No. 1 ¶ 10 (Complaint) ("[p]laintiff wanted to rent the Presidential Suite…The Presidential Suite is the most luxurious and spacious of all rooms offered…"); *see also* Dkt. No. 9 at 2 (Opposition to Motion to Dismiss) ("As alleged, the Presidential Suite provides greater luxury and living space than all other rooms, but [d]efendant does not allow [p]laintiff to stay in this room."). Plaintiff has therefore failed to allege that defendant violated the 2010 ADA Standards because the "equivalent facilities" doctrine does not require defendant to offer an identical, but accessible, alternative to the Presidential Suite. Despite plaintiff's contentions, plaintiff fails to state a claim under the ADA and the Court DISMISSES the claim WITHOUT prejudice.

## II.    Unruh Act

Defendant moves to dismiss plaintiff's claims under California's Unruh Act on the grounds that plaintiff is a resident of *Arizona*, the alleged injury occurred in Arizona, and the Unruh Act is only applicable to harm that occurs in California.[2] First, defendant argues, because the injury did not occur in California, the Unruh Act cannot apply. Second, because the Unruh Act requires a disabled plaintiff to present herself to a business or public place with the intent of using its services, defendant argues plaintiff does not have standing under the Unruh Act because she never went to the hotel.

---

[2] Although a violation of the ADA is also a violation of the Unruh Act, the Unruh Act only applies to "persons within the jurisdiction of this state." Cal. Civ. Code §§ 51(b), (f). Additionally, when booking a room through a website, the alleged injury occurs where the plaintiff visited that website – in this case, Arizona. *Strojnik v. Orangewood LLC*, No. 19-cv-00946, 2019 U.S. Dist. LEXIS 213103, at *10-11 (C.D. Cal. Aug. 8, 2019); *Brooke v. Hotel Inv. Grp., Inc.*, No. 2:17-cv-02527, 2017 U.S. Dist. LEXIS 150717, at *6 (D. Ariz. Sept. 18, 2017).

7

Plaintiff has failed to show she is a person within the jurisdiction of California – indeed, her complaint explicitly alleges she is a citizen of Arizona and the harm she suffered contained thereto – and thus her Unruh claim is DISMISSED WITH prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

Plaintiff's first cause of action for violation of the ADA is DISMISSED for failure to state a claim, WITHOUT prejudice;

Plaintiff's second cause of action for violation of the Unruh Act is DISMISSED for lack of standing, WITH prejudice;

Plaintiff may file an amended complaint on or before March 6, 2020.

**IT IS SO ORDERED**.

Dated: February 18, 2020

SUSAN ILLSTON
United States District Judge