UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RIHH LP,<br><br>　　　　Defendant. | Case No. 19-cv-06852-SI<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Dkt. No. 17 |

On March 16, 2020, Defendant RIHH LP filed the instant motion to dismiss plaintiff's first amended complaint ("FAC") for lack of jurisdiction and failure to state a claim. Dkt. No. 17 (Motion to Dismiss). Pursuant to Civil Local Rule 7-1(b) the Court hereby vacates the April 17, 2020, hearing. The motion to dismiss is hereby DENIED.

**BACKGROUND**

The background of this case is discussed in the Court's February 18, 2020 order granting in part and denying in part defendant's motion to dismiss. See Dkt. No. 11 (Order on Motion to Dismiss). The Court incorporates that discussion herein.

Plaintiff filed her FAC on February 28, 2020 alleging claims under the Americans with Disabilities Act ("ADA") and California Unruh Act. Dkt. No. 15 (FAC). The Court previously dismissed plaintiff's Unruh Act claim with prejudice, so only the ADA claim remains. See Dkt. Nos. 11 (Order on Motion to Dismiss); 16 (Order Striking Plaintiff's Unruh Act Claim).

**LEGAL STANDARD**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). Fed. R. Civ. Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (*quoting Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

In reviewing a Rule 12(b)(6) motion, courts must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, courts are not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

Defendant moves to dismiss plaintiff's ADA claim under Rule 12(b)(1)[1] or Rule 12(b)(6)[2], arguing plaintiff lacks Article III standing to bring her lawsuit and fails to plead a violation under

---

[1] The Court DENIES defendant's Rule 12(b)(1) motion for the same reasons provided in the February 8, 2020 order.

[2] For purposes of the 12(b)(6) motion, the Court does not consider the Dean Banks declaration.

2

the 1991 or 2010 ADA Standards for Accessible Design ("1991 ADA Standards", "2010 ADA Standards"). Dkt. No. 17-1 at 7, 9-11 (Motion to Dismiss).

The Court's February 8, 2020 order granted the 12(b)(6) motion because plaintiff's original complaint merely alleged defendant did not offer ADA accessible presidential suites when the 2010 ADA Standards only required "equivalent facilities." Dkt. No. 11 at 7 (Order on Motion to Dismiss). ADA Standard § 224.5 states that rooms with mobility features "shall be dispersed among the various classes of guest rooms, and shall provide choices of types of guest rooms, number of beds, and other amenities comparable to the choices provided to other guests." The Court determined the defendant was not required to provide an accessible version of the Presidential Suite, which was the only room defendant allegedly failed to offer to individuals with accessibility needs in the original complaint. *Id*. (Order on Motion to Dismiss).

In the instant motion, defendant argues it need not provide specific accessible room types for every category of room. Dkt. No. 17-1 at 12 (Motion to Dismiss). Defendant further argues that because the accessible rooms it offers sleep the same number of individuals and offer similar amenities to the non-accessible rooms, plaintiff fails to state a claim. *Id*.

In the FAC, plaintiff again alleges she was denied "equality in the selection of the same type of lodging rooms that are available to able-bodied persons." Dkt No. 15 ¶ 11 (FAC). However, the FAC further expands plaintiff's previous allegations, asserting that defendant only makes the "Studio King Suite" and "Studio Double Suite" available to guests with accessibility needs, while the hotel's two larger and "nicer" rooms—the "Penthouse Suite French Doors" and the "Two Bedroom Suite"—are only available to able-bodied guests. *Id*. ¶¶ 13, 15 (FAC). As such, plaintiff claims that defendant fails to meet both the 1991 and 2010 ADA Standards' dispersion requirements because the hotel does not offer comparable accessible rooms. *Id*. ¶ 16 (FAC); Dkt. No. 21 at 5-6 (Opposition). Taking these facts as true, plaintiff's FAC adequately alleges the accessible rooms offered by defendant do not satisfy the "equivalent facilities" requirements of 1991 ADA Standards §9.1.4 or 2010 ADA Standards §224.5.3. Therefore, the Court DENIES defendant's Rule 12(b)(6)

3

motion.[3]

## CONCLUSION

For the foregoing reasons and for good cause shown, defendant's motion to dismiss plaintiff's ADA cause of action is DENIED.

**IT IS SO ORDERED**.

Dated: April 13, 2020

SUSAN ILLSTON
United States District Judge

---

[3] Defendant argues that plaintiff also fails to satisfy Article III standing because plaintiff cannot show intent to return. Dkt. No. 17-1 at 14-15 (Motion to Dismiss). Defendant contends plaintiff therefore cannot meet the immediate threat of repeated injury required for injunctive relief under the ADA. *Id*. at 16 (Motion to Dismiss). Resolution of plaintiff's intent to return, however, involves factual issues better suited for consideration on a motion for summary judgement. The Court declines to consider them here.

4