UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA BROOKE,<br><br>    Plaintiff,<br><br>    v.<br><br>RIHH LP,<br><br>    Defendant. | Case No. 19-cv-06852-SI<br><br>**ORDER RE DISCOVERY DISPUTE NO. 1**<br>Re: Dkt. No. 34 |

Now pending before the Court is the parties' first joint discovery dispute letter. Docket No. 34. In the letter, plaintiff Theresa Brooke requests defendant RIHH, LP ("RIHH") produce the construction and alteration history of the hotel at the heart of this dispute. *Id.* RIHH argues it need not produce any construction or alteration documents because it does not dispute liability on the basis of any alteration or construction history. *Id.* For the reasons discussed below, the Court DENIES plaintiff's request for production.

**BACKGROUND**

Ms. Brooke, a resident of Arizona, brought this Americans with Disabilities Act ("ADA") access action against RIHH, the owner and operator of the Residence Inn Livermore Pleasanton in Livermore, California, for failing to provide an ADA-accessible "two bedroom suite" or "Penthouse suite." Dkt. No. 15 ("First Amended Complaint"). Brooke seeks the construction and alteration history of the hotel to discern which ADA standards apply. Dkt. No. 34. As discussed more fully below, if construction or alterations were made after March 15, 2012 the more stringent 2010 ADA standards apply. If no construction or alterations were made after March 15, 2012, the 1991 ADA standards apply and RIHH is protected from liability if removal of barriers is not "readily

achievable." Defendant asserts that it does not dispute liability on the basis of any construction or alteration history, and therefore production of such records is unnecessary.

Since RIHH does not dispute liability on the basis of the construction or alteration history, requiring discovery of such history is unnecessary. The 2010 ADA standards apply, and RIHH is estopped from making any arguments based on the construction or alteration history of the hotel.

**DISCUSSION**

In 2010, the ADA revised the previous 1991 ADA Standards to require greater accessibility, therefore placing more stringent requirements on facilities constructed or altered after the rule's effective date on March 15, 2012. 28 C.F.R. § 36.304. However, the revised 2010 ADAAG provided a "safe harbor" provision shielding existing properties that were not altered after the May 15, 2012 effective date from noncompliance with the new 2010 Standards. *Id.* Instead, pre-existing, unaltered post-March 15, 2012 structures are subject to the readily achievable standard. *Id.* Under the readily achievable standard "barriers must be removed where it is 'readily achievable' to do so." *Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011). Therefore, for existing structures that have not been altered after March 2012, "[d]efendants are liable for failing to fix the barriers alleged by Plaintiffs if and only if (1) the Item constitutes a violation of the 1991 ADAAG Standards, and (2) it is "readily achievable" to modify the element to comply with the 2010 ADAAG Standards," whereas for structures constructed or altered after March 15 2012, the defendant is liable even if removal of the barrier is not readily achievable. *Lane v. Landmark Theatre Corp.,* No. 16-CV-06790-BLF, 2020 WL 1976420, at *13 (N.D. Cal. Apr. 24, 2020).

RIHH acknowledges that General Order 56(4)(a) requires defendants to "disclose all information in defendant's possession or control regarding the construction or alteration history of the subject premises" but only "***if defendant intends to dispute liability on that basis.***" Dkt. No. 34 (emphasis added). RIHH argues that because it does not dispute liability on the basis of any construction or alteration history, production of construction or alteration history is not required. *Id.*

"District 'courts are generally in agreement that whether barrier removal is readily achievable is an affirmative defense,' though the Ninth Circuit has yet to address the issue*.*" *Hernandez v. Polanco Enterprises, Inc.*, 19 F. Supp. 3d 918, 931 (N.D. Cal. 2013) (quoting *Wilson v. Haria & Gogri Corp*., 479 F. Supp. 2d 1127, 1133 (E.D. Cal. 2007). Courts also generally agree that defendants may waive the "readily achievable" affirmative defense, for instance, by omitting it from their answer. *See id*. at 1133–34.

"When a party unqualifiedly waives a legal defense, it is within the court's discretion to construe that waiver as judicial admission in a manner that effectuates the strategic purpose for which the court reasonably believes the waiver was made." *Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 265 (4th Cir. 2004). "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact." *Id.*

Here, RIHH explicitly states that it does not deny liability on the basis of any construction or alteration history, and its intention is to withdraw the construction and alteration history from the scope of discovery. Therefore, it is within the Court's discretion to interpret RIHH's statement as a judicial admission that the 2010 ADA standards apply in this case. RIHH is thus estopped from making arguments based on the construction or alteration history in further litigation for this case. Because the construction and alteration history is not an issue in dispute, time and resources should not be wasted on production of such history. Plaintiff's request for production is DENIED.

**IT IS SO ORDERED**.

Dated: August 4, 2020

_____
SUSAN ILLSTON
United States District Judge